IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD JOHNSON (R-11484), | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11 C 239 |
| | ) | |
| | ) | Judge Sharon J. Coleman |
| OFFICER VISVARDIS | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Johnson ("Plaintiff") initiated this suit in January 2011 while he was incarcerated at the Cook County Jail. He is currently an inmate at the Western Illinois Correctional Center. Plaintiff alleges that Cook County Jail Officer Visvardis ("Defendant") used excessive force against him on November 29, 2010. According to Plaintiff, he was in the dayroom of the jail when a fight occurred; officers stopped the fight, and instructed inmates to lie on the floor with their arms outstretched, which Plaintiff did. While walking among the inmates, Visvardis stepped on Plaintiff's arm and kicked his left eye.

Currently before the court is Defendant's motion for summary judgment, wherein he argues that Plaintiff failed to exhaust administrative remedies before bringing this suit. Plaintiff has responded, and Defendant has replied. For the reasons that follow, the court grants the motion.

### LOCAL AND FEDERAL RULES FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, a court

construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000). Whether an inmate exhausted administrative remedies is an issue for a court, as opposed to a jury; and the court must resolve factual issues relating to exhaustion. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

When addressing summary judgment motions, background facts are derived from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000); *see also* N.D. Ill. Local Rule 56.1. Because Plaintiff is proceeding *pro se*, Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1. (R. 23.) A

plaintiff's failure to respond to Rule 56.1 statements, even a plaintiff proceeding *pro se*, results in those statements being considered true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

Plaintiff filed a response to Defendant's motion for summary judgment, (R. 28); however, he filed no response to Defendant's Rule 56.1 Statement. The Court may thus consider Defendant's Rule 56.1 statements to be true. *See Raymond*, 442 F.3d at 608.

### FACTS

On November 29, 2010, Plaintiff was a pretrial detainee at the Cook County Jail. (R. 24, Def's SOF ¶ 2.) At 3:00 a.m., Plaintiff, along with 50 other detainees, were in the dayroom waiting for breakfast. (*Id.* at ¶ 3.) About ten feet from Plaintiff, a fight broke out involving approximately 20 detainees. (*Id.* at ¶ 4.) Officers arrived in response to an emergency call and directed all pretrial detainees to lie on the floor with their palms out. (*Id.* at ¶¶ 6-7.) Plaintiff complied, but an officer (Defendant) walking by him told him "palms out." (*Id.* at ¶ 7.) When Plaintiff replied that his palms were out, Defendant told Plaintiff to face his hands downward. Defendant then stepped on his arm, at which time Plaintiff turned his palms. Defendant then kicked Plaintiff in the eye, possibly as an accident. (*Id.* at ¶¶ 12-13.) Plaintiff immediately stood up and informed a sergeant. (*Id.* at ¶ 15.) While he spoke to the sergeant, Defendant stood next to Plaintiff but said and did nothing. (*Id.* at ¶ 16.) Plaintiff was taken to Cermak for treatment, where he received eye drops and an ice pack for his eye, as well as an ice pack for his arm. (*Id.* at ¶¶ 17-18.)

After he received treatment, he gave a statement on a videotape about the incident. (R. 24-2, Pl's Depo. at 45.) Several days later, Plaintiff submitted a complaint form to Internal Affairs, and Plaintiff gave another verbal statement to someone from Internal Affairs. (*Id.* at 47.)

Plaintiff did not file a grievance about the incident. (R. 24, Def's SOF ¶ 19.) In lieu of writing a grievance, he prepared the instant suit. (*Id.* at ¶ 20; *see also* Complaint at 1, 6 (the complaint is signed

12/22/10 and was received on 1/13/11.) Not until January 31, 2011, did Plaintiff submit a grievance that mentioned the November 29, 2010, incident. That grievance requested that he visit an eye doctor or other medical care provider at Cermak about Plaintiff's vision. (Def's SOF ¶ 21.)

According to John Mueller, Assistant Administrator of Program Services for the Cook County Jail, Detainee Grievance Procedures were available to pretrial detainees in 2010 and 2011. (R. 24-3, Affidavit of John Mueller ¶ 4.) Although Mueller does not explain what procedures must be followed, he states that Plaintiff did not file a grievance about the November 29, 2010, incident, and that not until January 31, 2011, did Plaintiff file a grievance seeking medical attention for his eye. (*Id.* at ¶¶ 6, 8.)

Plaintiff does not dispute the above-stated facts, but instead, states that he was unaware of the grievance procedures and that he was in and out of the jail on a work-release program during that time. (R. 28, Pl's Resp. at 2.)

**ANALYSIS**

The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under § 1997e, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Even if the prisoner is seeking judicial relief that was unavailable in the administrative system, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of a jail's grievance system requires an inmate "to file complaints and appeals in the place, and at the time [as] the

prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90.

It is not clear from the materials Defendant presents exactly what steps a Cook County Jail pretrial detainee must take to exhaust the jail's administrative remedies. Defendant demonstrates that Cook County Jail "had established grievance procedures" (R. 25, Memorandum in Support of Summary Judgment Motion at 3), and that "[d]etainees are required to file a grievance." (R. 124-3, Mueller Aff. at ¶ 5). Nonetheless, it is clear and undisputed that Plaintiff filed no grievance about Defendant's conduct prior to filing suit. At his deposition, when asked, "You never filled out a detainee grievance about this incident, you just filed a federal lawsuit, correct," Plaintiff responded, "Right, Correct." (R. 24-2, Pl's Depo. at 55.) His response to the summary judgment motion further clarifies that he never filed a grievance about the November 29, 2010, incident, and that the only grievance he filed relating at all to the incident was his January 31, 2011, grievance seeking medical attention for his eye, which was filed several weeks after this court received his complaint. (R. 28.) "[C]hoos[ing] to forego the grievance procedure in favor of [a] lawsuit . . . is precisely what the PLRA seeks to prevent." *Canady v. Davis*, No. 07 C 5028, 2009 WL 1177081, *4 (N.D. Ill. April 29, 2009) (Kennelly, J.), vacated and remanded on other grounds 376 F.3d 625 (7th Cir. 2010).

The summary judgment record thus demonstrates that grievance procedures were available to Plaintiff, (R. 24-3, Mueller Aff. ¶ 4); that he filed one several weeks after he initiated this suit; but that he never filed a grievance about the November 29, 2010, incident before initiating this suit. Accordingly, Plaintiff did not exhaust administrative remedies,[1] and Defendant is correct that this case

---

[1] Although Plaintiff did not file a grievance about the November 29, 2010, incident, he did file a complaint with Internal Affairs, which videotaped his interview about the incident. (R. 24-2, Pl's Depo. at 46-49.) Neither Plaintiff nor Defendant addresses whether an Internal Affairs
(continued...)

must be dismissed. The dismissal is without prejudice. *Burrell v. Powers,* 431 F.3d 282, 285 (7th Cir. 2005) (dismissal should be without prejudice to [the plaintiff]'s initiating another action if he deems it appropriate after he has exhausted administrative remedies").

## CONCLUSION

Defendant's motion for summary judgment [22] is granted. This case is dismissed without prejudice to Plaintiff filing another action if he is able to exhaust administrative remedies. This case is terminated.

ENTER: _____
**Sharon J. Coleman**
**United States District Court Judge**

**DATE: April 3, 2012**

---

[1](...continued)
complaint constitutes exhaustion of administrative remedies. Nevertheless, this court has held that an "internal affairs complaint and efforts to pursue criminal charges . . . are outside of the grievance procedure provided for Cook County inmates, and do not indicate that [an inmate] exhausted his administrative remedies." *Calhoun v. Myatt*, No. 09 C 4238, 2011 WL 3796888, *3 (N.D. Ill. Aug. 24, 2011) (Manning, J.).